IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOVON BYNUM, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:21-cv-302 |
| ) | |
| vs. ) | |
| ) | |
| O'REILLY AUTOMOTIVE STORES, INC. ) | |
| d/b/a/ O'REILLY AUTO PARTS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Jovon Bynum, by counsel, and as his Complaint for Damages against Defendant, O'Reilly Automotive Stores, Inc. dba O'Reilly Auto Parts, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jovon Bynum (hereinafter "Bynum" or "Plaintiff"), is a resident of Allen County in the State of Indiana and a former employee of Defendant.

2. Defendant, O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts (hereinafter referred to as "O'Reilly's"), is an employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981, which conducts business in the State of Indiana.

3. Mr. Bynum filed a Charge of Discrimination (Charge 470-2020-03311) with the Equal Employment Opportunity Commission on or about July 24, 2020, *inter alia*, alleging that the Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Mr. Bynum a 90-day Right to Sue letter on May 19, 2021.

5. Mr. Bynum invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, an African-American male, was employed by the Defendant as a Retail Parts Specialist for ten (10) years.

8. On or around March 2020, Defendant notified Plaintiff that he and all part-time employees were being taken of the schedule due to Covid-19.

9. On or about April 20, 2020, Plaintiff learned that he had been terminated and that the Defendant's only white part-time employee was allowed to work throughout the pandemic.

### Count I
### Title VII Race

10. Plaintiff incorporates by reference Paragraphs one (1) through ten (10) above.

11. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

12. Defendant discriminated against Mr. Bynum on the basis of his race when it terminated his employment.

13. Mr. Bynum's race was the motivating factor in Defendant's decision to terminate his employment.

14. Similarly situated non-African-American/black employees were treated more favorably than the Plaintiff and allowed to work through the pandemic.

15. These actions violated Mr. Bynum's rights and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

16. As a result of the foregoing, Mr. Bynum has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

17. As a result of Defendant's actions, Mr. Bynum has incurred attorney fees and costs.

18. Defendant's actions were done with malice or willful reckless disregard to Mr. Bynum's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## Color

19. Plaintiff incorporates by reference Paragraphs one (1) through eighteen (18) above.

20. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

21. Defendant discriminated against Mr. Bynum on the basis of his color (black) when it terminated his employment.

22. Mr. Bynum's color was the motivating factor in Defendant's decision to terminate his employment.

23. Similarly situated non-black employees were treated more favorably than the Plaintiff and allowed to work through the pandemic.

24. These actions violated Mr. Bynum's rights and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

25. As a result of the foregoing, Mr. Bynum has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

26. As a result of Defendant's actions, Mr. Bynum has incurred attorney fees and costs.

27. Defendant's actions were done with malice or willful reckless disregard to Mr. Bynum's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

### Count III
### §1981

28. Plaintiff incorporates by reference Paragraphs one (1) through twenty-seven (27) above.

29. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

30. Defendant discriminated against Mr. Bynum on the basis of his race when it *took him off the schedule* and then terminated his employment.

31. Defendant's decision to terminate Mr. Bynum's was because of his race.

32. Similarly situated white employees, and employees who are not black or African-American, were treated more favorably than Plaintiff.

33. These actions were in violation of 42 U.S.C. § 1981.

34. As a result of the foregoing, Mr. Bynum has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

35. As a result of Defendant's actions, Mr. Bynum has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road - Suite B
Greenwood, IN  46142
(317) 885-0041
(888) 308-6503 Fax